IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

CLINTON MARTEZ ALSTON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CRIMINAL NO. 2:14cr179

CIVIL NO. 2:16cv641

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Clinton Martez Alston's ("Petitioner") Amended Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 ("Amended § 2255 Motion"). ECF No. 63. For the reasons stated herein, Petitioner's Amended § 2255 Motion is **GRANTED**, and Petitioner's sentence is hereby **CORRECTED** to include a prison term of **TIME SERVED** consistent with the directives of this Order.

### I. PROCEDURAL AND FACTUAL BACKGROUND

On December 18, 2014, Petitioner was named in a three-count criminal indictment charging him with Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) ("Count One"); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C § 924(c)(1)(A) ("Count Two"); and Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) ("Count Three"). ECF No. 1.

#### A. PETITIONER'S FIRST PLEA OF GUILTY

On January 21, 2015, pursuant to a written plea agreement with the United States ("Government"), Petitioner initially pled guilty to Count Two of the criminal indictment, which carried a mandatory minimum sentence of five years. ECF No. 19. However, on February 20,

1

2015, Petitioner, by counsel, moved to withdraw his guilty plea. ECF No. 23. In the motion, Petitioner advised the Court that defense counsel was under the mistaken impression that Petitioner's prior New York robbery conviction was a juvenile conviction. Id. According to defense counsel, he did not discover that the New York robbery was an "adult conviction" until a "week or so" after the plea was entered when he was reviewing Petitioner's criminal history. Id. ¶ 6. Due to this alleged "mistake," neither the Government nor defense counsel believed during plea negotiations that Petitioner would be subject to the Career Offender enhancement under the Guidelines. Id. ("If sentenced as a career offender, the defendant would face punishment which was neither bargained for nor anticipated by the parties.") Rather, the parties understood and tacitly agreed that Petitioner would receive a sentence at or near the mandatory minimum sentence of five years.[1] Id. ¶ 3. By contrast, as a Career Offender, Petitioner would face an advisory range of more than twenty years under the Guidelines. Id. ¶ 6. Therefore, the Government did not oppose Petitioner's motion to withdraw his plea "out of fairness." See Resp., ECF No. 24, at 2 (admitting that both parties "anticipated that the defendant would be sentenced to the mandatory minimum sentence of [sixty] months" during plea negotiations). On March 4, 2015, the Court granted Defendant's motion and ordered his plea withdrawn. ECF No. 25.

### B. Petitioner's Second Plea of Guilty

On March 4, 2015, pursuant to a new plea agreement with the Government, Petitioner appeared before the Court and pled guilty to Counts One and Three of the criminal indictment. See ECF No. 26. On March 25, 2015, Petitioner sent a letter to the Court requesting a sentence of sixty months, arguing that the Government must honor what the parties originally agreed to in

---

[1] This prison term was not expressly agreed to in the terms of the original plea agreement. ECF No. 19.

the first plea agreement. ECF No. 41. On April 16, 2015, the Court held a hearing on Petitioner's letter as well as Petitioner's Motion to Continue Sentencing. See ECF No. 37. At the hearing, the Court set aside Petitioner's second guilty plea finding that it was "fraudulently obtained." See id. At the same hearing, the Defendant also made an oral motion for new counsel, which the Court granted. Id. Defense counsel, Mr. Rodolfo Cejas, was relieved, and Mr. Julian Bouchard was appointed as new counsel. Id.

### C. Petitioner's Third and Final Plea of Guilty

On June 16, 2015, the parties indicated to the Court that they had reached an agreement for a third guilty plea, and the Court set the matter for a hearing. See ECF No. 42. On June 30, 2015, Petitioner appeared before the Court with his counsel, Mr. Bouchard, and indicated his desire to enter a plea of guilty to Counts One and Three of the criminal indictment pursuant to a written plea agreement with the United States ("Government"). See ECF No. 44. Notably, this plea agreement contains the following provision: "Pursuant [to] Fed. R. Crim. P. 11(c)(1)(B) the defendant agrees not to contest the fact that he is subject to enhanced punishment pursuant to USSG § 4B1.1 as a Career Offender." Plea Agreement, ECF No. 45, ¶ 4. After the Court conducted proceedings in accordance with Rule 11 of the Federal Rules of Criminal Procedure, the Court found that Petitioner's plea was knowing and voluntary; accepted Petitioner's plea of guilty to Counts One and Three of the indictment; and found Petitioner guilty of the offenses charged in those counts. See ECF No. 44.

### D. Sentencing

Petitioner's sentencing hearing was set for November 2, 2015. ECF No. 47. Prior to sentencing, the probation officer prepared Petitioner's presentence investigation report ("PSR"), and classified Petitioner as both an Armed Career Criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and a Career Offender under Chapter 4 of the Sentencing

Guidelines. See ECF No. 50 ¶ 24. Because the Armed Career Criminal enhancement resulted in a higher offense level (34) than the Career Offender offense level (28), the probation officer applied the offense level of 34. Id. (citing USSG § 4B1.4).

The probation officer identified the following three predicate "violent felonies" as triggering the ACCA enhancement: (1) a 2004 robbery conviction in Virginia; (2) a 2006 third-degree robbery conviction in New York; and (3) a 2006 carjacking conviction in Virginia. Id. The probation officer also determined that Petitioner's 2006 third-degree robbery conviction in New York and his 2006 carjacking conviction in Virginia qualified as predicate "crimes of violence," which triggered the Career Offender enhancement under Chapter 4 of the Guidelines. Id. Importantly, the relevant documents in the probation officer's possession at the time of preparing the PSR appeared to indicate that Petitioner committed the 2006 New York robbery at age 18 and that he was sentenced to a jail term of nine months. Id. ¶ 33. Accordingly, such prior conviction received two criminal history points. Id. ¶ 33.

When calculating Petitioner's criminal history category ("CHC") in the PSR, the probation officer assigned nine criminal history points to Petitioner's prior convictions and added two points for committing the instant offense while on probation. PSR, ECF No. 50, ¶ 39. While eleven criminal history points normally results in a CHC of V, the ACCA enhancement requires the defendant to receive the highest CHC among USSG §§ 4B1.4(c)(1), (2), and (3), which was VI in Petitioner's case. Id. ¶¶ 40–41. Therefore, the probation officer calculated a total offense level of 31, which reflected a three-level reduction for acceptance of responsibility, and a CHC of VI, resulting in an advisory Guidelines range of 188 to 235 months. Id. ¶¶ 68–69.

On November 2, 2015, Petitioner appeared before the Court for sentencing. ECF No. 53. At the sentencing hearing, Petitioner, by counsel, objected to his classification as an Armed

Career Criminal in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson"). After hearing argument at the sentencing hearing, the Court overruled this objection, and the PSR was adopted without change. See ECF No. 55 at 1. The Court ultimately imposed a sentence within the Guidelines – 200 months in prison – which included 200 months on Count One and 120 months on Count Three, to be served concurrently. See Judgment, ECF No. 54, at 2. The Court also imposed a three-year term of supervised release. Id. at 3.

### E. THE INSTANT § 2255 PROCEEDINGS

On October 31, 2016, Petitioner filed a § 2255 motion pro se challenging his classification as an Armed Career Criminal at sentencing in light of the Johnson ruling. ECF No. 58. While such motion was pending, the Fourth Circuit issued its ruling in United States v. Winston, 850 F.3d 677 (4th Cir. 2017), holding that Virginia robbery is not a violent felony under the force clause of the ACCA. In light of this ruling, the Court appointed the Office of the Federal Public Defender to represent Petitioner for purposes of his § 2255 motion; ordered such counsel to file an amended § 2255 motion; and set a briefing schedule. July 12, 2017 Order, ECF No. 59.

On September 8, 2017, Petitioner, by counsel, filed his Amended § 2255 Motion asking the Court to vacate his current sentence and impose a new prison term of time served based on the following three arguments: (1) Petitioner was wrongly classified as an Armed Career Criminal in light of Winston; (2) Petitioner's prior New York robbery conviction was incorrectly awarded criminal history points resulting in Petitioner's incorrect classification as a Career Offender; and (3) Petitioner's defense counsel rendered constitutionally defective assistance in connection with these errors during critical stages of his prosecution. ECF No. 63.

On September 20, 2017, the Government filed a response brief, in which it agrees that, in

5

light of the recent Winston decision, Petitioner should be resentenced without the ACCA designation but disputes Petitioner's remaining claims for relief. ECF No. 64. On September 26, 2017, Petitioner filed a reply brief. ECF No. 65.

On November 11, 2017, the Court entered an Order directing the parties to appear for a status hearing on Petitioner's Amended § 2255 Motion. ECF No. 66. In such Order, the Court advised that it had received public records from the Clerk of the Supreme Court of the State of New York, County of Kings, in Case No. 5292-2005, People v. Clinton Austin, which show that Petitioner committed his New York robbery conviction when he was 17 years old; Petitioner should not have received criminal history points for such offense under the Sentencing Guidelines; and, in turn, Petitioner should not have been classified as a Career Offender at the time of his sentencing. Id. at 2.

On November 13, 2017, the Court conducted a status hearing on the instant motion. See ECF No. 67. At such hearing, the Government advised the Court that its position with respect to Petitioner's Amended § 2255 Motion had changed since filing its response brief. See id. Specifically, the Government conceded to the following assertions made in Petitioner's Amended § 2255 Motion:

1. In addition to being incorrectly classified as an Armed Career Criminal at the time of his sentencing, Petitioner was also incorrectly classified as a Career Offender.

2. Petitioner is entitled to be resentenced without the Armed Career Criminal enhancement and without the Career Offender enhancement.

3. If Petitioner were to be resentenced today, his advisory Guidelines range under the current version of the Sentencing Guidelines would recommend a term of incarceration shorter than the time Petitioner has already served of his current sentence.

4. Accordingly, Petitioner should be resentenced to time served.

In light of these concessions, both counsel for Petitioner and counsel for the Government agreed during the status hearing that a resentencing hearing in this case would not be necessary. Id.

## II. PETITIONER'S AMENDED § 2255 MOTION

### A. LEGAL STANDARD

Section 2255 allows a federal prisoner to move to "vacate, set aside or correct" a federal sentence upon the following grounds: [1] that "the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such a sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack." 28 U.S.C. § 2255. When interpreting this provision, the Supreme Court has held that, if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to "a fundamental defect which inherently results in a complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974) (internal quotation makes omitted). "This standard is only satisfied when a court is presented with 'exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.'" United States v. Foote, 784 F.3d 931, 936 (4th Cir. 2015) (quoting Hill v. United States, 368 U.S. 424, 428 (1962) (internal citations omitted)).

"Barring extraordinary circumstances," an error in the application of the Sentencing Guidelines does not meet this narrow exception. Foote, 784 F.3d at 940 (quoting United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999)). Such relief is usually reserved for cases where "the sentence was in excess of the maximum authorized by law." Id. Even the misapplication of the career offender provision, where the error results in a much higher Guidelines range, does not normally constitute a "fundamental defect" or "complete miscarriage of justice" for purposes of § 2255 because the Guidelines are merely advisory after Booker v.

7

United States, 543 U.S. 220 (2005). Foote, 784 F.3d at 941–42 (finding that appellant's career offender designation, which was later nullified by the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), was not a defect of "fundamental" nature). However, the Fourth Circuit "has not yet defined the entire universe of errors qualifying as 'fundamental defects,'" nor has it determined the precise dividing line between an "ordinary misapplication of the guidelines," which does not amount to a miscarriage of justice, and an "extraordinary misapplication," which does. United States v. Newbold, 791 F.3d 455, 459 (4th Cir. 2015).

If the district court ultimately finds that a petitioner's sentence is unlawful under § 2255, such court may take "one of four distinct courses" in remedying the sentence: "(1) 'discharge the prisoner;' (2) 'grant [the prisoner] a new trial;' (3) 'resentence [the prisoner];' or (4) correct the [prisoner's] sentence.'" United States v. Hadden, 475 F.3d 652, 667 (4th Cir. 2007) (alterations in original) (quoting 28 U.S.C. § 2255(b)).

B. DISCUSSION

1. Petitioner's Classification as an Armed Career Criminal under 18 U.S.C. § 924(e) Was Unlawful.

Petitioner's first asserted ground for relief is that he is no longer an Armed Career Criminal after Winston. ECF No. 63 at 4–5. In Winston, the Fourth Circuit held that a Virginia robbery conviction does not qualify as a "violent felony" under the force clause of the ACCA and therefore cannot be a predicate "violent felony" in light of Johnson, which held that the ACCA's residual clause is void for vagueness. Winston, 850 F.3d at 685; see Welch v. United States, 136 S. Ct. 1257 (2016) (holding that Johnson applies retroactively on collateral review). Because Petitioner's 2004 Virginia robbery conviction was used as one of the three predicate offenses in designating him as an Armed Career Criminal, see PSR ¶ 24, Petitioner argues that he

8

was wrongly classified as an Armed Career Criminal at the time of his sentencing. Importantly, the Government agrees with Petitioner on this point and concedes that Petitioner should be resentenced without the ACCA designation. Resp., ECF No. 7, 13.

The Court agrees. It is clear that Petitioner's prior conviction for Virginia robbery is not a violent felony under the ACCA after Winston and thus Petitioner did not have three qualifying predicate offenses to warrant classification as an Armed Career Criminal.[2] Accordingly, the Court **FINDS** that Petitioner's ACCA designation was unlawful, constituted a fundamental defect in his sentence, and resulted in a miscarriage of justice, which should be remedied under § 2255.

### 2. Petitioner's Classification as a Career Offender Was a Fundamental Defect that Amounted to a Miscarriage of Justice.

Petitioner also argues that he was wrongly classified as a Career Offender at the time of his sentencing, and that his counsel, Mr. Bouchard, was ineffective when he failed to (1) discover the error; (2) withdraw Petitioner's plea agreement, which was premised on such error; and (3) object to such error in the PSR at sentencing. ECF No. 63.

As this Court explained in its November 2, 2017 Order, court documents definitively show that Petitioner's 2006 third-degree robbery conviction in New York was committed when Petitioner was still 17 years old and that such conviction should never have received criminal history points pursuant to Section 4A1.2(d) of the 2014 Guidelines Manual.[3] ECF No. 66. Pursuant to the career offender provision of the Guidelines, a prior conviction must receive

---

[2] Petitioner also argues that his other two predicate offenses, Virginia carjacking and New York robbery, fail to qualify as "violent felonies" under the ACCA after Johnson. ECF No. 63 at 5, n.2. The Court declines to address this argument given that the Court has already found that Petitioner does not have three qualifying offenses required under the ACCA.

[3] The 2014 Guidelines Manual was used in the preparation of Defendant's PSR. PSR ¶ 17. The cited section remains substantively unchanged in the current version of the Guidelines Manual, effective November 1, 2016.

criminal history points under Chapter 4 to qualify as a predicate offense. USSG § 4B1.2(c); see also USSG § 4A1.2, cmt. Note 3(A). Therefore, the Court found that Petitioner's New York robbery conviction was not a qualifying "crime of violence" under USSG § 4B1.2(a), and Petitioner should not have been classified as a Career Offender at his sentencing. As noted above, the Government conceded to this fact at the November 13, 2017 status hearing. ECF No. 67.

However, it is clear that the probation officer was unaware of the correct offense date for Petitioner's New York robbery conviction at the time she prepared the PSR. PSR ¶ 33. Indeed, the documents in her possession at the time suggested that Petitioner committed the offense on July 20, 2005, when Petitioner was 18 years old. Furthermore, such information – though erroneous – was consistent with the understanding of both the Government and Petitioner's first defense counsel, Mr. Cejas, that the New York robbery conviction was an "adult" conviction and would qualify as a predicate offense for purposes of the Career Offender guideline. Indeed, this mutual understanding constituted the singular basis for Petitioner's withdrawal of his first and second pleas, and ultimately resulted in an entirely different plea offer from the Government, which was indisputably premised on Petitioner's classification as a Career Offender.

In light of these unique circumstances, the Court ultimately **FINDS** that Petitioner's erroneous classification as a Career Offender was a fundamental defect in Petitioner's sentence that amounted to a miscarriage of justice under § 2255. While courts must be reluctant to find a misapplication of the Guidelines to be a fundamental defect where a petitioner's sentence was under the maximum provided by the law, see Foote, 784 F.3d at 943, the Court finds that this case presents an exceptional circumstance for three reasons.

First, unlike the petitioners in Foote and the cases cited therein, Petitioner's Career

Offender classification in this case was incorrect *at the time of Petitioner's sentencing*; it was not later invalidated by case law. See Foote, 784 F.3d at 939 ("[T]here is no decision left standing in any circuit whereby a challenge to one's change in career offender status, *originally determined correctly under the advisory Guidelines*, is cognizable on collateral review.") (emphasis added). Indeed, there was clear procedural error that occurred before and during Petitioner's sentencing that directly resulted in a significant sentencing enhancement.

Second, such error was highly prejudicial to Petitioner. Not only did Petitioner face a considerably higher advisory range at the time of sentencing, the Guidelines error infected nearly every critical stage of Petitioner's prosecution. The Government and defense counsel's mistaken understanding that Petitioner was a Career Offender defined the "benefit of the bargain" for both parties during plea negotiations. Given that both parties believed Petitioner's Guidelines range would be in excess of twenty years, Petitioner ultimately waived his right to contest his Career Offender status in exchange for pleading to Counts One and Three with statutory maximums of ten and twenty years, respectively, as opposed to Count Two, which carried a maximum term of life. See Plea Agreement, ECF No. 45, ¶ 4. In sum, without this Guidelines error, the parties' bargain would have certainly been different, which is obvious from the record in this case.

Finally, this case is exceptional because the Government concedes to the extraordinary prejudice and injustice suffered by Petitioner as a result of the Guidelines error, and agrees that he is entitled to resentencing. At the status hearing, the Government admitted that, if Petitioner were resentenced today, his advisory Guidelines range would be 24 to 30 months as set forth in Petitioner's Amended § 2255 Motion. See ECF No. 63 at 14. By contrast, if the Career Offender enhancement applied, Petitioner's Guidelines range would be extraordinarily higher: 151 to 188 months.

Given these unique circumstances, the Court **FINDS** that Petitioner's erroneous classification as a Career Offender was an extraordinary misapplication of the Guidelines that warrants relief under § 2255.[4] Accordingly, Petitioner's Amended § 2255 Motion is hereby **GRANTED**. Furthermore, based on the agreement of the Government and Petitioner, which was stated on the record at the November 13, 2017 status conference, the Court **FINDS** that the appropriate remedy for Petitioner's unlawful sentence is to correct Petitioner's sentence to reflect a prison term of time served.

### III. CONCLUSION

For the reasons stated above, Petitioner's Amended § 2255 Motion (ECF No. 63) is hereby **GRANTED**, and Petitioner's sentence is hereby **CORRECTED** as follows:

Petitioner's custodial sentence in the Bureau of Prisons is reduced to a term of **TIME SERVED**, which includes a term of time served on Count One and a term of time served on Count Three, to run concurrently. All other terms and conditions of the Judgment entered on November 4, 2015, shall remain in full force and effect. See ECF No. 54.

The Clerk is **DIRECTED** to forward a copy of this Order to the Petitioner, all Counsel of Record, the United States Marshal, the Bureau of Prisons, and the United States Probation Office.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, VA
November 14, 2017

---

[4] Because Petitioner is entitled to habeas relief on these grounds, the Court declines to address the other grounds presented in Petitioner's motion. See ECF No. 63.

12